```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA, et al., ex    :
rel. Fox Rx, Inc.,                      :         12cv275 (DLC)
                                        :
                Plaintiffs,             :         OPINION & ORDER
                                        :
        -v-                             :
                                        :
OMNICARE, INC., NEIGHBORCARE, INC.,     :
PHARMERICA CORP., and MANAGED HEALTH    :
CARE ASSOC., INC.,                      :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

For relator Fox Rx, Inc.:

Michael I. Leonard
LEONARD LAW OFFICES
203 N. LaSalle, Suite 1620
Chicago, IL 60601

Paul A. Traina
ENGSTROM, LIPSCOMB & LACK, PC
10100 Santa Monica Blvd., 12th Fl.
Los Angeles, CA 90067

Dennis J. Doody
120 White Plains Rd., Ste. 125
Tarrytown, NY 10591

For defendant Managed Health Care Associates Long Term Care
Network Inc.:

Daniel S. Ruzumna
Adam Blumenkrantz
PATTERSON BELKNAP WEBB & TYLER LLP
113 Ave. of the Americas
New York, NY 10036

DENISE COTE, District Judge:

Fox Rx, Inc. ("Fox"), a serial qui tam relator and former Medicare Part D plan sponsor, has brought at least a half-dozen actions under the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"), around the country against entities with which it once worked.  This is one such action, which was dismissed on August 12, 2014.  See United States ex rel. Fox Rx, Inc. v. Omnicare, Inc., 38 F. Supp. 3d 398 (S.D.N.Y. Aug. 12, 2014).  On August 24, 2014, defendant MHA Long Term Care Network ("MHA") filed a motion for attorneys' fees and costs since January 10, 2014, pursuant to 31 U.S.C. § 3730(d)(4).  On December 1, that motion was granted for "an amount to be determined following the submission of supporting documentation by MHA LTC."  United States, ex rel. Fox Rx, Inc. v. Omnicare, Inc., No. 12cv275 (DLC), 2014 WL 6750277, at *4-5 (S.D.N.Y. Dec. 1, 2014) ("Fees Opinion").  The parties having made submissions regarding the amount of fees to be awarded, MHA is hereby awarded fees in the amount of $168,967.61.

## BACKGROUND

Familiarity with the facts of this case is presumed.  A detailed factual background is provided in the Fees Opinion, 2014 WL 6750277, at *1-4.  For present purposes, it is enough to state that Fox levied a number of claims against Omnicare under

2

the FCA that were objectively frivolous, based variously on a studied misunderstanding of MHA's business, an obvious misreading of a relevant agreement, and factual assertions with no reasonable basis.  Fees Opinion, 2014 WL 6750277, at *4.  The Court granted MHA's motion for attorneys' fees under an FCA provision permitting such awards if the "claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."  31 U.S.C. § 3730(d)(4); see Mikes v. Straus, 274 F.3d 687, 705 (2d Cir. 2001) (court may award fees pursuant to § 3730 "upon a finding that the . . . claims were objectively frivolous, irrespective of plaintiff's subjective intent").

    MHA's request for fees and costs totals $168,967.61.  This amount encompasses:

  (1)  239.4 hours of attorney time, billed by a partner and two associates at the rates of $836/hour, $631.75/hour, and $541.50/hour, respectively, totaling $167,962.48; and

  (2)  $1,005.13 in costs, encompassing legal research, conference call services, and other miscellaneous expenses.[1]

The work described above was performed between January 13, 2014 and October 23, 2014.

---

[1] Fox has not challenged the reasonableness of the costs sought and there is no independent reason to question them.

**DISCUSSION**

The starting point in determining an attorneys' fees award is calculating the "lodestar" number, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Stanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (citation omitted). In determining what constitutes a reasonable hourly rate, courts look first to the rates commonly charged by attorneys for similar work in the district in which the court sits. See, e.g., Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). The calculation of attorneys' fees rests in the sound discretion of the district court. McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). To aid in calculating the lodestar, the fee applicant must provide contemporaneous time records, affidavits, and other materials to support its application for the amount of reasonable hours expended. McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. Fee requests should

also be reduced to exclude hours that are not "reasonably expended," such as those that are excessive or redundant.  Id. at 434 (citation omitted).

Fox's objections to the amount of costs and attorneys' fees MHA may be summarized as follows: (1) the hourly rates MHA proposes are excessive; (2) the number of hours MHA proposes is "unreasonable" and its documentation insufficiently detailed; and (3) in any event, Fox has no ability to pay.  None has merit.

I. Reasonable Hourly Rate

A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289-90 (2d Cir. 2011) (citation omitted).  It must be "in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation."  McDonald, 450 F.3d at 96; see Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (explaining courts look first to the rates commonly charged by attorneys for similar work in the district in which the court sits).  The reasonable rate is ordinarily determined by "a case-specific inquiry into the prevailing market rates for counsel of similar

5

experience and skill to the fee applicant's counsel," which may include taking "judicial notice of the rates awarded in prior cases," and consideration of the "evidence proffered by the parties." Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005).  The burden is on the fee applicant to show "by satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested hourly rates are the prevailing market rates."  Id. (citation omitted).  MHA proposes three rates for the work performed: $836/hour for a litigation partner; $631.75/hour for an eighth-year associate; and $541.50/hour for a fourth-year associate.  For the reasons described below, all three are reasonable in the context of this case.

MHA seeks fees for the work of Daniel Razumna ("Razumna"), a partner at Patterson Belknap Webb & Tyler, LLC ("Patterson Belknap") specializing in complex commercial litigation.  He has practiced law for over 20 years; before joining Patterson Belknap in 2005, he spent nearly four years in private practice and six years as a federal prosecutor in this District.  MHA points to recent cases in the Southern District in which courts have found reasonable partner rates as high as $870 per hour, Themis Capital v. Democratic Republic of Congo, No. 09cv1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014), reconsideration denied, No. 09cv1652 (PAE), 2014 WL 4693680

(S.D.N.Y. Sept. 22, 2014), and $815 per hour, <u>Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC</u>, No. 13cv2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014).  In a declaration supporting MHA's application, MHA also cites a recent report from Pricewaterhouse Coopers indicating that the average billing rate for non-IP New York City partners in Ruzumna's peer group is $942 per hour, well above the rate requested here.

MHA also seeks attorneys' fees for two Patterson Belknap associates: Adam Blumenkrantz, an eighth-year associate, and Aileen Fair, a fourth-year associate.  Blumenkrantz received his J.D. in 2006 and has practiced law since that time, spending one year as a law clerk on the United States Court of Appeals for the First Circuit.  His proposed rate is $631.75 per hour.  Fair received her J.D. in 2010 and has practiced law since that time.  Her proposed rate is $541.50 per hour.  Fox cites to no cases in specific support of its claim that these associates' rates are unreasonable.  The Pricewaterhouse Coopers report cited by MHA indicates that both associates' rates are well below the market average.

This case required MHA to interpret complex Medicare and Medicaid regulations and various contracts.  Moreover, counsel for MHA were required to expend considerable time and resources contesting claims by Fox that were objectively unreasonable,

7

even after clearly explaining to Fox, in January of 2014, that Fox's positions were untenable and that MHA and affiliated entities were not appropriate subjects of litigation.  See Fees Opinion, 2014 WL 6750277, at *3-4.  Counsel for defendants demonstrated skill and patience throughout these proceedings.  In light of the prevailing rates in this District, the attorneys' legal experience, and the nature and caliber of work performed here, the Court finds that the proposed rates of $836, $631.75, and $541.50 per hour are fair and reasonable.

II. Reasonable Hours Expended

"Applications for fee awards should generally be documented by contemporaneously created time records that specify for each attorney[] the date, the hours expended, and the nature of the work done."  Matusick v. Erie Cnty. Water Auth., 757 F.3d 31, 64 (2d Cir. 2014) (citation omitted).  "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded" from the tally.  Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citations omitted).  If it finds excessive hours, a court has "discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  Id.  Similarly, records or other documentation that "are too vague to sufficiently document the hours claimed" may also warrant a reduction in hours claimed.  Barclays Capital Inc. v. Theflyonthewall.com, No. 06cv4908

(DLC), 2010 WL 2640095, at *4 (S.D.N.Y. June 30, 2010) (citing Kirsch, 148 F.3d 149, 172-73). This may include the practice of "block billing," although block billing may be adequate if "the reasonableness of the work performed can still be confirmed." Id. at *5; see also Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 266 (2d Cir. 2014) (affirming district court's conclusion that block billing was reasonable form of documentation).

Fox argues that MHA's "reliance on vague descriptions and 'block billed' time entries" demonstrates the unreasonableness of the hours requested.[2] The use of "block billing" here is perfectly reasonable; the specific tasks in each "block" are described with sufficient detail and clarity to confirm "the reasonableness of the work performed." Barclays Capital Inc., 2010 WL 2640095, at *4.

III. Inability to Pay

Fox also argues that, regardless of the reasonableness of MHA's proposed hourly rates and hours expended, it "has no ability to pay" and therefore "there is little to be gained by levying massive fees" against it. Fox has not substantiated

---

[2] Fox specifically points to the term "preparing" in relation to specific documents as emblematic of the alleged vagueness. While in certain cases "preparing" may not be enough to substantiate a line-item claim for attorneys' fees, this is not such a case: read in context, the entries describing "preparing" suffice to describe the work surrounding motion practice before this Court.

9

this claim beyond a citation to an equally unsubstantiated statement in a letter previously submitted to the Magistrate Judge in this action.  While it is true that "the relative wealth of the parties" may play some part in weighing an award of attorneys' fees, Toliver v. Cnty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992), it is equally true that bald assertions of "economic disparities" do not suffice to warrant forbearing from an award on equitable grounds.  See Gesualdi v. Laws Const. Corp., 759 F. Supp. 2d 432, 447 (S.D.N.Y. 2010) (Cote, J.) (noting that reducing fee award on these grounds not appropriate where party "has not presented any evidence of its own financial condition to justify" it), aff'd in part and vacated in part on other grounds, 485 F. App'x 450 (2d Cir. 2012).

## CONCLUSION

The Court awards MHA attorneys' fees and costs in the sum of $168,967.61.  The Clerk of Court shall enter judgment for MHA in this amount.

Dated:    New York, New York
          April 15, 2015

_____
DENISE COTE
United States District Judge